UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES BALIS HILL,<br><br>   Petitioner,<br><br>  v.<br><br>STATE OF WASHINGTON, *et al*,<br><br>   Respondents. | Case No.  C05-5325RBL<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR RECUSAL |

  This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4.   Plaintiff has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The matter is before the court on plaintiff's accusation of prejudice on the part of the undersigned judge.

## DISCUSSION

  On May 19, 2005, petitioner filed his petition for writ of *habeas corpus*. (Dkt. #3). On May 31, 2005, he filed an application for leave to proceed *in forma pauperis*. (Dkt. 4).  The court has not yet ruled on that application.  On June 1, 2005, petitioner moved for a change of judge in this case, based on an accusation of prejudice against him. (Dkt. #6).  Specifically, petitioner has requested that "RBL/KLS" not be assigned to this matter.  Although not entirely clear, petitioner thus appears to be requesting the recusal of both the undersigned and the Honorable Ronald B. Leighton from this case.

  Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any

ORDER
Page - 1

proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

Here, the undersigned has no personal bias or reason to be partial to one side or the other in this matter. Indeed, petitioner has set forth no specific reasons as to why he feels that the undersigned is prejudiced against him. Accordingly, the undersigned finds no reason to recuse herself voluntarily from this case, and declines to do so.

## CONCLUSION

Based on the foregoing, the undersigned submits that there is no reasonable basis for a voluntary recusal in this instance. However, because petitioner's letter accusing the undersigned of overt bias was directed to both the undersigned and the presiding judge, the matter will be forwarded to the Honorable Ronald B. Leighton for further consideration and a final determination.

This action is **STAYED** pending resolution of the recusal issue.

ORDER
Page - 2

1   The clerk shall send a copy of this order to petitioner.

2   DATED this 14th day of June, 2005.

|   |   |
|---|---|
|   | Karen L. Strombom |
|   | United States Magistrate Judge |

ORDER
Page - 3