UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES BALIS HILL,

    Petitioner,

    v.

DOUG WADDINGTON,

    Respondent.

Case No. C05-5325 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: September 29, 2006**

    Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254. (Dkt. # 14). This case was referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4. Petitioner has been granted leave to proceed *in forma pauperis.* (Dkt. # 13).

    On February 13, 2006 and May 10, 2006, the court stayed the case to allow petitioner an additional ninety days' time to file a traverse. (Dkt. # 38, 41). On May 22, 2006, the court's latest order (Dkt. # 41) was returned. As of May 23, 2006, petitioner has not provided a new address to the court nor has he filed a traverse or sought an additional extension of time.

    It has been more than sixty days since mail was returned and the court does not have a current address for the petitioner. The court has attempted to reach petitioner at more than one address on more than one occasion and has not received a response. The petitioner appears to have abandoned this action.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Local Rule 41(b)(2) states:

A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the petitioner. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The court should dismiss this action as petitioner has left no forwarding address and appears to have abandoned the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 29, 2006,** as noted in the caption.

DATED this 6th day of September, 2006.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2